IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUGO PEREZ<br>1462 Newton Street NW<br>Washington, DC 20010<br><br>and<br><br>LUIS ALBERTO PEREZ<br>1462 Newton Street NW<br>Washington, DC 20010<br><br>and<br><br>PATRICIO CAMBRANO<br>2640 Evarts Street NE<br>Washington, DC 20018<br><br>and<br><br>EFRAIM CAMBRANO<br>2640 Evarts Street NE<br>Washington, DC 20018<br><br>and<br><br>JOSE HUMBERTO DUQUE<br>8132 15th Avenue #204<br>Langley Park, MD 20783<br><br>and<br><br>LUCAS MENDOZA<br>1303 Taylor Street NW<br>Washington, DC 20010<br><br>and<br><br>JOSUE ALEXANDER MENDOZA<br>1303 Taylor Street NW<br>Washington, DC 20010<br><br>and | CIVIL ACTION NO.:_____<br><br>JURY TRIAL DEMANDED |

1

| | |
|---|---|
| IGNACIO ELIAS | ) |
| 4314 North Addison Rd. | ) |
| Capitol Heights, MD 20743 | ) |
| | ) |
| PLAINTIFFS, | ) |
| | ) |
| v. | ) |
| | ) |
| VICTOR F. BERHANU | ) |
| d/b/a | ) |
| AFS FINANCIAL SERVICES, LLC, | ) |
| 6412 Brandon Avenue #213 | ) |
| Springfield, VA  22150 | ) |
| | ) |
| and | ) |
| | ) |
| VICTOR F. BERHANU, | ) |
| | ) |
| and | ) |
| | ) |
| AFS FINANCIAL SERVICES, LLC, | ) |
| | ) |
| DEFENDANTS. | ) |

## COMPLAINT

I.   **NATURE OF THIS ACTION**

1.   Plaintiffs Hugo Perez, Luis Alberto Perez, Patricio Cambrano, Efraim Cambrano, Jose Humberto Duque, Lucas Mendoza, Josue Alexander Mendoza, and Ignacio Elias (hereinafter collectively referred to as "Plaintiffs") join individual claims and bring this action against Victor F. Berhanu, AFS Financial Services, L.L.C., and Victor F. Berhanu d/b/a AFS Financial Services, L.L.C. (hereinafter "Defendants") to redress numerous violations of common law and federal and D.C. wage payment laws occurring throughout their employment with Defendants.  Specifically, Plaintiffs bring this action pursuant to the Fair Labor Standards Act of 1938, *as amended*, 29 U.S.C. § 201 *et seq.* ("FLSA"); the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code Ann. § 32-1001 *et seq.* ("DCMWA");

2

the D.C. Wage Payment and Collection Law, D.C. Code Ann. § 32-1301 *et seq* ("DCWPCL"); and District of Columbia common law regarding breach of contract and quantum meruit. The Plaintiffs seek back pay in the form of hourly wages, including overtime wages, for labor and services already rendered on Defendant's behalf; liquidated damages; attorney's fees, costs, and expenses; and any other legal or equitable relief this Court deems proper to redress Defendants' unlawful employment practices.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 1343(a)(4), 1367, 2201, and 29 U.S.C. § 216(b).

3. Venue is proper in the District of Columbia pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(c). A substantial part of the events or omissions giving rise to the claims alleged herein – specifically, all of the hours of work performed by Plaintiffs for the benefit of Defendants – occurred within the District of Columbia. Further, venue is appropriate in the District of Columbia with regard to Defendant AFS Financial Services because it is a corporation subject to personal jurisdiction in the District of Columbia at the time this action is commenced.

## III. PARTIES

4. **Plaintiff Hugo Perez** is a resident of the District of Columbia. Hugo Perez was hired by Defendants and began work in approximately June 2006 to perform renovations and refurbishments to a dwelling located at 715 Otis Street NE, Washington, D.C. He worked at that location for Defendants until approximately August 2006, during which time he was an hourly wage employee. Defendants promised Hugo Perez a regular rate of pay of $16.00 per hour for the duration of his employment.

5.  **Plaintiff Luis Alberto Perez** is a resident of the District of Columbia. Luis Perez was hired by Defendants and began work in approximately June 2006 to perform renovations and refurbishments to a dwelling located at 715 Otis Street NE, Washington, D.C. He worked at that location for Defendants until approximately August 2006, during which time he was an hourly wage employee. Defendants promised Luis Perez a regular rate of pay of $13.00 per hour for the duration of his employment.

6.  **Plaintiff Patricio Cambrano** is a resident of the District of Columbia. Patricio Cambrano was hired by Defendant and began work in approximately June 2006 to perform renovations and refurbishments to a dwelling located at 715 Otis Street NE, Washington, D.C. He worked at that location for Defendant until approximately August 2006, during which time he was an hourly wage employee. Defendants promised Patricio Cambrano a regular rate of pay of $14.00 per hour for the duration of his employment.

7.  **Plaintiff Efraim Cambrano** is a resident of the District of Columbia. Efraim Cambrano was hired by Defendants and began work in approximately June 2006 to perform renovations and refurbishments to a dwelling located at 715 Otis Street NE, Washington, D.C. He worked at that location for Defendants until approximately August 2006, during which time he was an hourly wage employee. Defendants promised Efraim Cambrano a regular rate of pay of $10.00 per hour for the duration of his employment.

8.  **Plaintiff Jose Humberto Duque** is a resident of the State of Maryland. Duque was hired by Defendants and began work in approximately July 2006 to perform renovations and refurbishments to a dwelling located at 715 Otis Street NE, Washington, D.C. He worked at that location for Defendants until approximately August 2006, during which time

he was an hourly wage employee. Defendants promised Duque a regular rate of pay of $10.00 per hour for the duration of his employment.

9. **Plaintiff Lucas Mendoza** is a resident of the District of Columbia. Lucas Mendoza was hired by Defendants and began work in approximately June 2006 to perform renovations and refurbishments to a dwelling located at 715 Otis Street NE, Washington, D.C. He worked at that location for Defendants until approximately August 2006, during which time he was an hourly wage employee. Defendants promised Lucas Mendoza a regular rate of pay of $12.00 per hour for the duration of his employment.

10. **Plaintiff Josue Alexander Mendoza** is a resident of the District of Columbia. Josue Mendoza was hired by Defendants and began work in approximately August 2006 to perform renovations and refurbishments to a dwelling located at 715 Otis Street NE, Washington, D.C. He worked at that location for Defendants for approximately one week, during which time he was an hourly wage employee. Defendants promised Josue Mendoza a regular rate of pay of $9.00 per hour for the duration of his employment.

11. **Plaintiff Ignacio Elias** is a resident of the state of Maryland. Elias was hired by Defendants and began work in approximately June 2006 to perform renovations and refurbishments to a dwelling located at 715 Otis Street NE, Washington, D.C. He worked at that location for Defendants until approximately August 2006, during which he was an hourly wage employee. Defendants promised Elias a regular rate of pay of $12.00 per hour for the duration of his employment.

12. Throughout their employment with Defendants, all of the Plaintiffs were "non-exempt" employees for purposes of the FLSA and the DCMWA. Accordingly, Plaintiffs

5

were entitled to receive compensation for employment in excess of 40 hours per week at a rate not less than one and a half times each employee's regular hourly rate.

13. **Defendant Victor F. Berhanu**, upon information and belief, and therefore it is alleged, is an owner, officer, and/or operator of AFS Financial Services, LLC. Berhanu was the individual specifically responsible for hiring, compensating, and directing the work activities of the Plaintiffs in this action. Berhanu is a "person" and "employer" subject to suit pursuant to the FLSA, DCMWA, DCWPL, and under common law, and is an enterprise engaged in commerce for purposes of the FLSA.

14. **Defendant AFS Financial Services, L.L.C.**, upon information and belief, and therefore it is alleged, is an unincorporated business entity with its main office located at 6412 Brandon Avenue, Suite #213, Springfield, VA 22150. AFS Financial is a "person" and "employer" that, upon information and belief, does business in the District of Columbia and is subject to suit pursuant to the FLSA, DCMWA, and DCWPL, and under common law, and is an enterprise engaged in commerce for purposes of the FLSA. The acts set forth in this Complaint were authorized, ordered, performed, approved and/or ratified by AFS Financial and/or its agents, employees, and/or representatives.

15. Upon information and belief, and therefore it is alleged, Berhanu is doing business as AFS Financial Services, LLC ("AFS"), an unincorporated business entity operating in D.C. and Virginia. Berhanu was responsible for the day-to-day operations of AFS, and thus incurred personal liabilities for the violations of law alleged in this Complaint.

## V. STATEMENT OF FACTS

16. Plaintiffs in this matter were hired by Defendants at various times between April and August 2006 for the purpose of performing renovations and refurbishments to a residential dwelling located at 715 Otis Street NE, Washington, D.C. (hereinafter "the work site").

17. At all times relevant, Defendants provided the tools and materials necessary to complete the various duties at the work site, and additionally provided supervision and instruction as to which job duties needed to be completed at certain times, and how to carry out those duties.

18. At the time Plaintiffs were hired, Defendants offered to pay each Plaintiff a specified hourly wage rate. Each Plaintiff accepted his respective rate, forming an individual employment contract with Defendants. This hourly wage rate varied from $9.00/hour to $16.00/hour amongst the individual Plaintiffs.

19. Defendants also agreed to pay for the lunch of each Plaintiff as an element of its employment contract with each Plaintiff.

20. While employed by Defendants, Plaintiffs generally worked six days per week. The number of hours each Plaintiff worked each day varied, but was generally between ten and fourteen hours per day.

21. During the work day, Plaintiffs received a single break of thirty minutes for lunch. They received no other breaks during the work day.

22. Plaintiffs, as a group, were provided by Defendants an amount of money for lunch each day. Such monies comprised the lunch payment element of each Plaintiff's employment contract with Defendants.

7

23. Until approximately late July 2006, Defendants generally paid Plaintiffs $500.00 in cash once per week. This cash amount was the same for each Plaintiff, regardless of the regular hourly wage rate that each had agreed to at the start of his employment and the number of hours each Plaintiff had worked the preceding week.

24. The cash amount Defendants paid each Plaintiff each week was less than the amount to which each was entitled, based on the number of hours each Plaintiff worked and the regular and overtime rates of pay for each.

25. In approximately late July 2006, shortly before the renovation and refurbishment project at the work site ended, Defendants stopped paying the Plaintiffs weekly amounts of $500.00, and began paying Plaintiffs smaller amounts less frequently.

26. The project at the work site, and, subsequently, Plaintiffs' employment by Defendants, concluded on approximately August 14, 2006. On that day, Defendants made cash payment to some, but not all, Plaintiffs in the amount of $200.00. These sums did not fully compensate these Plaintiffs for the work they had performed in the preceding days and weeks.

27. Shortly after the project concluded, Defendants acknowledged that they owed back wages to each of the Plaintiffs. Defendants informed Plaintiffs that, rather than paying the balance of wages owed to each Plaintiff, Defendants would pay to each Plaintiff an amount that was "reduced" by between fifteen and twenty-five percent. This "reduction" would have included a subtraction of the monies provided for lunch payments from the balance of wages due each Plaintiff.

28. The "reduced" amount of back wages proposed by Defendants, which Defendants acknowledged that they owed to Plaintiffs, would have been insufficient to compensate each Plaintiff for the work he had performed.

29. However, from the day after the project's conclusion up until the date of this filing, Defendants have not paid any of the back wages which they owe to each Plaintiff.

30. In performing their duties on Defendants' behalf, Plaintiffs handled and otherwise worked on goods that had been moved in or produced for commerce.

31. The conduct of Defendants, as set forth above, was willful, in bad faith, and caused significant monetary damages to each of the Plaintiffs named herein.

VI. **CAUSES OF ACTION**

**COUNT ONE**
**(Violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*.)**

32. Plaintiffs restate and re-allege paragraphs 1 through 31 as though set forth here in full.

33. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the FLSA and are entitled to the rights, protections, and benefits provided under that law.

34. By its actions alleged herein, Defendants willfully, knowingly, and/or recklessly failed to satisfy the requirements for the payment of all wages for labor and services rendered, including overtime wages for employment in excess of 40 hours per week., in violation of the FLSA and corresponding federal regulations.

35. Defendants have willfully and intentionally engaged in a continuous pattern and practice of violating the provisions of the FLSA, as detailed herein, by endeavoring to prevent the proper compensation of Plaintiff in accordance with the FLSA.

36. As a result of the unlawful acts of the Defendants, the Plaintiffs have been deprived of hourly wages, including overtime wages, in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and any other relief the Court deems fit.

**COUNT TWO**
**(Violation of the D.C. Minimum Wage Act Revision Act of 1992,**
**D.C. Code Ann. § 32-1001 et seq.)**

37. Plaintiffs restate and re-allege paragraphs 1 through 31 as though set forth here in full.

38. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the DCMWA and are entitled to the rights, protections, and benefits provided under that law.

39. By its actions alleged herein, Defendants willfully, knowingly, and/or recklessly violated the DCMWA's provisions and corresponding municipal regulations for the payment of all wages for labor and services rendered, including overtime wages for employment in excess of 40 hours per week.

40. Defendants have not made a good faith effort to comply with the DCMWA with respect to its compensation of the Plaintiff.

41. As a result of the unlawful acts of the Defendants, the Plaintiffs have been deprived of hourly wages, including overtime wages, in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, litigation costs, and other compensation as provided by D.C. Code Ann. § 32-1012.

## COUNT THREE
**(Violation of the D.C. Wage Payment and Collection Law,
D.C. Code Ann. § 32-1301 *et seq*.)**

42. Plaintiffs restate and re-allege paragraphs 1 through 31 as though set forth here in full.

43. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the DCWPCL and are entitled to the rights, protections, and benefits provided under that law.

44. Defendants have willfully, knowingly, and/or intentionally failed to pay all wages that the Plaintiffs earned on regular paydays in violation of the D.C. Wage Payment and Wage Collection Law, D.C. Code Ann. § 32-1302.

45. Defendants have intentionally violated DCWPCL for failing to pay the Plaintiffs all wages they are owed, including overtime pay, within the timeframe set forth by the DCWPCL.

46. By reason of the Defendants' violation of D.C. Code Ann. §§ 32-1302 and 32-1303(1), and pursuant to D.C. Code Ann. §§ 32-1308(a), (b), the Plaintiffs are entitled to all legal and equitable remedies available under the DCWPCL, including, but not limited to, back pay, liquidated damages, prejudgment interest, attorneys' fees, and costs.

## COUNT FOUR
**(Claims at Common Law for Breach of Employment Contract)**

47. Plaintiffs restate and reallege paragraphs 1 through 31 as though set forth here in full.

48. Defendants entered into binding contracts with each of the Plaintiffs for employment imposing duties on the parties, including, but not limited to, the payment of hourly wages in exchange for each Plaintiff's service in the Defendants' employ.

49. Plaintiffs, each and every one of them, performed under the contracts by faithfully and efficiently executed their work duties, for as long as they were permitted to do so.

50. Defendants' failure to perform their duties with respect to the payment of wages constitutes a breach of contract by the Defendants in regard to each of the Plaintiffs.

51. By reason of the Defendants' breach, each Plaintiff suffered economic harm and is entitled to the payment of wages due, prejudgment interest, and other compensation that Plaintiffs would have received but for Defendant's breach of contract.

## COUNT FIVE
### (Claims at Common Law for Quantum Meruit)

52. Plaintiffs restate and reallege paragraphs 1 through 31 as though set forth here in full.

53. Throughout their employment by Defendants, Plaintiffs rendered valuable services to the Defendants in the form of renovations and refurbishments to the dwellings of Defendants' clientele.

54. Defendants accepted the services of the Plaintiffs under such circumstances that reasonably notified Defendants that all Plaintiffs expected to be paid by Defendants, as, following the conclusion of Plaintiffs' employment, Defendants admitted that they owed back wages to each and every Plaintiff.

55. By reason of the actions of the parties, Plaintiffs suffered economic harm and are entitled to equitable relief in the form of wages for the services they provided to Defendant.

VII.  **PRAYER FOR RELIEF**

56. WHEREFORE, the Plaintiffs, pursuant to 29 U.S.C. § 216(b), D.C. Code Ann. §§ 32-1012 and 32-1308(a), and relevant common law, pray for the following relief:

  A.  Acceptance of jurisdiction of this case;

  B.  A declaratory judgment that the Defendants' conduct challenged herein is illegal and violation of the Fair Labor Standards Act of 1938, *as amended*, 29 U.S.C. § 201, *et seq.*; the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code Ann. § 32-1001, *et seq.*; the D.C. Wage Payment and Wage Collection Law, D.C. Code Ann. § 32-1302, *et seq*; and that such conduct breached their respective employment contracts with the Plaintiffs or that Plaintiffs are entitled to recovery under the theory of quantum meruit;

  C.  That Plaintiffs be awarded damages in the amount of their unpaid hourly wages, including overtime wages, plus an equal amount as liquidated damages;

  D.  An award of litigation costs and expenses, including reasonable attorneys' fees;

  E.  Prejudgment interest;

  F.  Such other further legal and equitable relief as the Court may deem just and proper, to which Plaintiffs may be entitled, and;

G. Retention of jurisdiction by the Court until such time as the Court is satisfied that Defendants have remedied the violations complained of herein.

## VIII. JURY DEMAND

57. Plaintiffs further demand a jury to try all issues triable as of right to a jury.

Respectfully submitted this 21st day of February, 2007,

_____
Lori B. Kisch (DC Bar No. 491282)
Keir S. Bickerstaffe (DC Bar No. 495525)
**WIGGINS, CHILDS, QUINN & PANTAZIS, P.L.L.C.**
2031 Florida Avenue, N.W.
Suite 300
Washington, D.C. 20009
(202) 467-4123
(202) 467-4489 (fax)
lkisch@wcqp.com

Susan E. Huhta (DC Bar No. 453478)
Laura Varela (MD Fed Bar No. 28260)
**WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS**
11 Dupont Circle, N.W.
Suite 400
Washington, D.C. 20036
(202) 319-1000

*ATTORNEYS FOR THE PLAINTIFFS*

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Hugo Perez, Luis Alberto Perez, Patricio Cambrano, Efraim Cambrano, Jose Humberto Duque, Lucas Mendoza, Josue Alexander Mendoza, and Ignacio Elias

11001

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

Victor F. Berhanu d/b/a AFS Financial Svcs., LLC, Victor F. Berhanu, and AFS Financial Svcs., LLC

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

### (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Lori B. Kisch, Keir S. Bickerstaffe
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Avenue NW, Suite 300, Washington, DC 20009, (202) 467-4123

Susan E. Huhta, Laura E. Varela
Washington Lawyers Committee for Civil Rights and Urban Affairs
11 Dupont Circle NW, Suite 400, Washington, DC 20036, (202) 319-1000

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ◉ K. *Labor/ERISA (non-employment)*<br><br>☒ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ◉ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
29 U.S.C. Sec. 201, et seq., failure to pay hourly wages due, including overtime wages, for services already rendered on Defendants' behalf

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND:  YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE February 21, 2007    SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.