UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUGO PEREZ, et al.,<br><br>**Plaintiffs,**<br><br>v.<br><br>**VICTOR F. BERHANU**<br>d/b/a AFS FINANCIAL SERVICES, LLC,<br>et al.,<br><br>**Defendants.** | Civil Action No. 07-0373 (JDB) |

## MEMORANDUM OPINION

Plaintiffs are eight individuals allegedly hired by defendants Victor Berhanu and his company, AFS Financial Services, LLC, to perform renovations and refurbishments in the District of Columbia. They seek to recover back pay and damages from defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and District of Columbia law. The case has been at a standstill for several months due to the breakdown of settlement discussions and defendants' failure thereafter to respond to plaintiffs' discovery requests or otherwise participate in this case. Hence, plaintiffs have filed a motion for sanctions pursuant to Fed. R. Civ. P. 37, seeking entry of a default judgment against defendants and an award of attorneys fees and costs. In the alternative, plaintiffs seek to compel defendants to respond to their written discovery requests and to order Berhanu's appearance for a deposition. Defendants have not filed a response. For the reasons stated below, the Court will grant plaintiffs' motion for sanctions and enter a default judgment against defendants.

## DISCUSSION

This case initially encountered difficulties moving forward because defendants'

relationship with their initial counsel ended by the time of the initial scheduling conference and defendants were unsuccessful in obtaining new counsel thereafter notwithstanding repeated extensions of time to do so.  The Court then referred this case to the mediation program on December 20, 2007, and appointed counsel for the limited purpose of assisting in mediation.  Since the termination of settlement discussions on July 3, 2008, defendant Berhanu has been proceeding pro se,[1] and defendant AFS Financial Services has failed to obtain counsel.[2]  Hence, the case has come to a complete standstill due to the failure of defendants to participate in this case in any manner.

The record amply establishes that defendants Berhanu and his company AFS Financial Services, LLC, have willfully failed to respond to the written discovery requests propounded by plaintiffs and also failed to appear for his deposition.  Plaintiffs served their first set of interrogatories and first request for production of documents on August 4, 2008.  See Pl.'s Ex. 1 and 2.  Plaintiffs' counsel reiterated in both the cover letter and the introductory paragraph of the discovery requests that defendants' response was due 30 days from the mailing date -- that is, September 8, 2008.[3]  Thus, even though defendants are not represented by counsel, they reasonably should have understood the deadline.  The deadline passed with no response

---

[1] Counsel appointed to represent defendants in mediation subsequently filed a formal notice of withdrawal on August 8, 2008.  However, the appointment expired upon the unsuccessful conclusion of the mediation period.  See Court Guidelines for Court-Appointed Mediation Counsel in Fee-Paid Pro Se Cases, Section 5.

[2] A corporation cannot represent itself and cannot appear pro se.  See Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993).  Thus, "[i]t must be represented by counsel or it will be treated as not having appeared at all, and default judgment may be entered against it."  Lennon v. McClory, 3 F. Supp. 2d 1461, 1462 n.1 (D.D.C. 1998).

[3] Three days are added to the 30-day period because plaintiffs served the discovery requests by U.S. mail.  See Fed. R. Civ. P. 6(d).

whatsoever from Berhanu or his company.

Around the same time, plaintiffs also attempted to notice Berhanu's deposition. They notified Berhanu of their intent to do so in the August 4th letter, and offered "to find a mutually agreeable time and place . . . at any point in time between now and the middle of September" which was the court-ordered deadline for completion of discovery. See Pl.'s Ex. 2. Plaintiffs' counsel received no response. See Pl.'s Ex. 5. With the close of discovery approaching, on September 2, 2008, counsel mailed a notice of deposition to Berhanu, set to take place on Friday, September 12, 2008, in the law office of plaintiffs' counsel. Id. He offered to reschedule if the scheduled date was not practicable. Id. At that time, he also reminded Berhanu of the approaching deadline for responding to plaintiffs' written discovery requests. Id. Plaintiffs' counsel then wrote to Berhanu on September 8 to remind him of the deposition and again reminded him of the deadline for discovery responses. Pl.'s Ex. 6. However, Berhanu did not respond to any of the letters, and he also failed to appear for the deposition. See Decl. of Keir S. Bickerstaffe ¶ 7.

The following Tuesday, September 16, plaintiffs' counsel left a voicemail for Berhanu stating that he had not received any responses to the written discovery requests (by then overdue), and stated that Berhanu had failed to appear for the deposition. Id. He requested that Berhanu contact him "immediately" to discuss the matters, and that he would otherwise be forced to bring the matters to the Court's attention. Id. Berhanu did not respond. Id.

Plaintiffs' counsel then filed the pending motion for sanctions. The Court ordered defendants to respond to the motion by October 9, 2008, set a status hearing on the matter for October 15, 2008, and directed the Clerk of Court to send the Order to defendants by certified

mail. See Order filed Sept. 29, 2008. Defendants failed to submit a response to plaintiffs' motion for sanctions, and also failed to appear at the status hearing on October 15. In short, defendants have utterly failed to participate in this case in any manner since mediation failed in July 2008. Not only has the time for responding to plaintiffs' discovery requests expired, but the deadline for completing discovery has expired as well.

Under these circumstances, the Court finds that sanctions are warranted, and that a default judgment against defendants is the appropriate sanction. Rule 37(d)(1)(A) provides that the Court may order sanctions against a party if:

> (i) a party or party's officer, director or managing agent . . . fails, after being served with proper notice, to appear for that person's deposition; or
>
> (ii) a party, after being properly served with interrogatories under Rule 33 . . . , fails to serve its answers, objections, or written response.

Fed. R. Civ. P. 37(d)(1)(A). Under Rule 37(d)(3), sanctions may include any of the sanctions listed in Rule 37(b)(2)(a)(i)-(vi). These are:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party;
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(a)(i)-(vi).

The Court finds that sanctions are appropriate under Rule 37(d)(1)(A) because defendants repeatedly failed to respond to plaintiffs' written discovery requests and Berhanu failed to appear for his deposition.  Defendants have not attempted to defend their failures in any manner, despite repeated opportunities to do so; on the contrary, as noted above, they have been completely absent from this litigation since settlement discussions ended on or about July 3, failing to respond or appear as ordered by the Court.

The only issue, then, is the type of sanctions to be imposed.  Considering defendants' wholesale failure to participate in this litigation for the past three months, the Court determines that a default judgment is the appropriate sanction. In Webb v. Dist. of Columbia, 146 F.3d 964, 971 (D.C. Cir. 1998), the court of appeals observed that there are three basic justifications that support the use of default judgment as a sanctions for misconduct: (1) a determination that "the errant party's behavior has severely hampered the other party's ability to present his case"; (2) "the prejudice caused to the judicial system when the party's misconduct has put 'an intolerable burden on a district court by requiring the court to modify its own docket and operations in order to accommodate the delay'"; and (3) "the need 'to sanction conduct that is disrespectful to the court and to deter similar misconduct in the future.'" Id. (quoting Shea v. Donohoe Construction Co., 795 F.2d 1071, 1074-77 (D.C. Cir. 1986)).  The first and third reasons -- prejudice to plaintiffs and disrespect to the court -- clearly support entry of default judgment against defendants in this matter.[4]  Plaintiffs are unable to present their case for a merits resolution

---

[4] To be sure, the Court has been burdened by defendants failure to participate in discovery for the last three months.  However, the Court does not rely on this ground because the burden caused by the delays in discovery cannot, at this juncture, be characterized as "intolerable."  It nonetheless bears noting that the overall judicial resources invested in this case have been substantial, including the resources of the court mediation program and appointment of counsel for that purpose, which makes defendants' recent failures all the more reprehensible.

without any discovery from defendants; no such discovery is possible in the face of defendants' failure to respond to discovery requests or orders of this Court. Moreover, it is readily apparent that defendants' failures to respond to plaintiffs' discovery requests is a willful violation of their discovery obligations, considering the multiple letters and telephonic messages from plaintiffs' counsel reminding defendants of their obligations and defendants' failure to appear at the status hearing scheduled to address those violations. See Weisberg v. Webster, 749 F.2d 864, 871 (D.C. Cir. 1984) (holding that "willfulness or at least gross negligence" is required to justify the most severe discovery sanctions).

Furthermore, a default judgment is warranted by the need to sanction conduct that is disrespectful to this Court and to deter similar misconduct in the future. Defendants' disrespect for the Court is demonstrated not only by their failure to respond to plaintiffs' discovery requests, but also by their disregard of the September 15, 2008 discovery deadline, their failure to respond to plaintiffs' motion by the court-ordered deadline, and their failure to appear at the October 15 status hearing. The extreme disregard defendants have shown for their discovery obligations and the schedule set by this Court shows that a court order to comply with deadlines or to take some other corrective action is unlikely to deter future misconduct. A lesser sanction may also yield similar misconduct by other litigants by indicating that flagrant violations will yield only minor sanctions.

The Court is cognizant that a default judgment is a sanction "of last resort," to be used only when less onerous methods will be "ineffective or obviously futile." Webb, 146 F.3d at 971. Here, the record is clear that other sanctions would be obviously futile. Defendants have failed to respond to plaintiffs' discovery requests in any manner -- Berhanu has failed to make

6

any objections or even ask for more time, and his company has not retained counsel to respond on its behalf.  Defendants also have been non-responsive to this Court's September 29, 2008 Order addressing further proceedings on this case.  Hence, there is no reason to believe that defendants will be responsive to any future orders.  A court is "not required . . . to exhaust lesser sanctions before turning to default" where, as here, sanctions short of default judgment would be ineffective or futile.  Id.

The next proceeding in this case will be an evidentiary hearing on the amount of damages to be awarded to plaintiffs, which is necessary because the complaint does not set forth a sum certain for the backpay at issue or liquidated damages.  Plaintiffs shall submit their brief in support of an award of damages and any evidence in support thereof by not later than December 2, 2008.  An evidentiary hearing will be held on January 5, 2009, at 2:00 p.m.  As for the pending request for attorneys' fees and costs, the Court finds that an award of such fees and costs is warranted.  However, the Court will defer resolution of the exact amount to be awarded until entry of a final judgment, in light of the further fees and expenses that plaintiffs will incur during the damages phase of this litigation.

## CONLUSION

For the foregoing reasons, the Court will grant plaintiffs' motion for sanctions pursuant to Fed. R. Civ. P. 37(d) and will enter a default judgment against defendants Victor Berhanu and AFS Financial Services, LLC.  A separate order accompanies this memorandum opinion.

/s/
JOHN D. BATES
United States District Judge

Date:   October 17, 2008